UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ONEIDA TRIBE OF INDIANS
OF WISCONSIN,

        Plaintiff,

  v.                                            Case No. 10-C-137

VILLAGE OF HOBART,

        Defendant.

**DECISION AND ORDER**

In this action Plaintiff, the Oneida Tribe, seeks declaratory and injunctive relief precluding the Village of Hobart from assessing a utility fee for land in the Village owned by the United States and held in trust for the Tribe. Currently before me is the Tribe's motion to strike the Village's affirmative defenses and counterclaims. For the reasons given below, the motion will be denied.

Pursuant to Rule 12(f), a court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As both sides recognize, however, motions to strike portions of pleadings are disfavored. One salient reason is that modern federal practice relies very little on what is contained within the pleadings, and so even if a particular asserted defense might ultimately prove defective there is usually no prejudice to the Plaintiff if that defense lingers in the case until it is abandoned or rejected on its merits at a later stage. Typically, a Defendant will assert every conceivable defense in his answer, and through discovery the parties will whittle down the case as it evolves into its essence. Along the way some

defenses and claims will be jettisoned, while others will become the focus of proceedings on the merits, either at summary judgment or in trial. Although in some cases a motion to strike could conceivably remove "clutter" from a case, a Plaintiff might actually prolong or sidestep a case's normal evolutionary process by focusing too bright a light on affirmative defenses that might never evolve beyond the embryonic stage of pleading.

The opposite can also be true. In some cases, a defendant's affirmative defenses can constitute the very core of its defense in an action. In such a case, a motion to strike is not attempting to remove throwaway boilerplate that might be cluttering the case, but to resolve the essence of the case itself. Although early resolution of a case is encouraged whenever possible, it will often be unfair to require a defendant to muster his full defense at such an early stage of the proceedings. The plaintiff, after all, is the master of his case. A plaintiff can spend months or even years developing a case before filing his complaint, but then the defendant is required to file an answer within a mere sixty days after waiving service. Under such circumstances, we must expect a defendant to proceed with caution and cite as many defenses as are plausible within his answer, lest he later be found to have waived them. With this in mind, the rules of procedure do not envisage motions to strike as some sort of preliminary round of briefing that is essentially a preview of summary judgment or other dispositive motion briefing. Instead, courts hold that "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings." *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989).

Here, the affirmative defenses are not insufficient on the face of the pleadings. The Tribe has filed a lengthy brief explaining why, in its view, these defenses will fail. Even if the Tribe is correct, however, a motion to strike affirmative defenses is not an appropriate forum for

2

consideration of such questions. As the Village notes, many of their defenses go to the heart of the question in this case, for example: whether the storm water charge is a "tax" and whether it is preempted by federal law. Resolution of these questions is not apparent from the face of the pleadings (as evidenced by the lengthy briefs filed by both sides). In addition, the question of whether the United States is a proper party is before me by virtue of the third-party complaint filed by the Village and the United States' subsequent motion to dismiss. These issues are not "clutter" that should be excised early from these proceedings. *Heller*, 883 F.2d at 1295. Instead, they present the basis for the Village's entire defense. As such, even if the defenses ultimately prove unsuccessful, the Village should not be forced to litigate these issues through the somewhat awkward procedure of briefing a motion to strike.

The same holds true for the Village's counterclaims. The Village seeks a declaration that it may impose the fees and charges at issue here on the Tribe's property, and a judgment for amounts due. These issues are the crux of this case. Moreover, to the extent the motion to strike is based on tribal immunity, the extent of the Tribe's waiver of sovereign immunity is not at all apparent from the parties' briefing.

This is not to say that proceedings cannot be expedited if the parties believe no discovery is required and the legal issues are conducive to resolution on motion practice. The clerk is directed to set the matter on for a telephonic scheduling conference, and these matters may be discussed at that time. For the reasons given above, however, the motion to strike is **DENIED**.

Dated this   28th   day of October, 2010.

                                               s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge